FILED
DEC 11 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eric Rodney Hill, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08 2148 |
| Scott A. Middlebrooks, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petition for a writ of *habeas corpus*, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the United States Penitentiary in Coleman, Florida. He challenges a judgment of conviction entered by the Superior Court of the District of Columbia. It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). Petitioner has not provided a basis for finding his local remedy

inadequate. This Court therefore lacks authority to entertain the petition. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: November 21st, 2008